## Wilhelmina Fisher v. Alex. Friend et al.

1. PRACTICE—*On Motion to Vacate Orders of Dismissal.*—An affidavit of an attorney in support of a motion to set aside an order dismissing an appeal for want of prosecution which says that "from the evidence produced in the justice's court on the trial this affiant is of opinion that the defendant has a good defense to the plaintiffs' claim in this suit, and that the plaintiffs have no just legal claim against the defendant," is not a sufficient showing of a meritorious defense.

Assumpsit, for services in procuring a tenant. Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. Francis Adams, Judge, presiding. Appeal dismissed for want of prosecution. Appeal to this court by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed October 21, 1898.

Rufus King, attorney for appellant.

No appearance by appellees.

Mr. Justice Shepard delivered the opinion of the court. This was an appeal by the appellant to the Circuit Court

from a justice's judgment, and when the case was reached on the docket of the Circuit Court the appeal was dismissed for want of prosecution, with judgment for costs against appellant.

The bill of exceptions contains only the affidavit of appellant's attorney that was read and considered by the Circuit Court upon appellant's motion to set aside the order of dismissal.

However meritorious the defense of appellant may have been to the claim of appellees, the only statement in the affidavit of what such defense consisted of, is as follows:

" Affiant further says that from the evidence produced in the justice's court on the trial, this affiant is of opinion that the defendant has a good defense to the plaintiffs' claim in this suit, and that the plaintiffs have no just legal claim against the defendant."

Assuming that the failure to prosecute the appeal was excusable under the facts elsewhere stated in the affidavit, it was necessary that the affidavit should have stated facts from which the court might have seen that there was a meritorious defense to the suit.

The opinion of counsel, which is all that is sworn to, however able and conscientious we may know him to be, upon the sufficiency of facts not set forth, that a good defense to the suit existed, can not take the place of a setting forth of facts upon which the court may determine their sufficiency for itself.

The record discloses no legal error, and the judgment is affirmed.